UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LAWRENCE G. HASH,<br><br>    Plaintiff,<br><br>    v.<br><br>M. GIACOMAZZI, et al.,<br><br>    Defendants. | Case No. 22-cv-07162 EJD (PR)<br><br>**ORDER OF SERVICE; DIRECTING PLAINTIFF TO FILE SUPPLEMENTAL PLEADING REGARDING STATE LAW CLAIMS; DIRECTING DEFENDANTS TO FILE DISPOSITIVE MOTION OR NOTICE REGARDING SUCH MOTION; INSTRUCTIONS TO CLERK** |

Plaintiff, a state prisoner, filed the instant pro se civil rights action pursuant to 42 U.S.C. § 1983 against numerous prison staff at San Quentin State Prison ("SQSP") and other individuals. The original action was filed under Hash v. Giacomazzi, et al., Case No. 20-cv-01116 EJD (PR) (hereinafter "Case No. 20-01116"). In accordance with Plaintiff's notice of election, the instant action was opened with Plaintiff's "second amended complaint" to pursue claim 4 from the amended complaint, which attacked the sufficiency of evidence to support an RVR issued by Defendant Giacomazzi on March 5, 2016. See Dkt. No. 4 at 5. In accordance with the screening order and elections filed by Plaintiff, this action shall proceed on that claim if the complaint states sufficient facts in support. Dkt. No. 3 at 10-11.

# DISCUSSION

## I. Standard of Review

A federal court must conduct a preliminary screening in any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. See 28 U.S.C. § 1915A(a). In its review, the court must identify any cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted or seek monetary relief from a defendant who is immune from such relief. See id. § 1915A(b)(1),(2). Pro se pleadings must, however, be liberally construed. See Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1988).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. See West v. Atkins, 487 U.S. 42, 48 (1988).

## II. Plaintiff's Claims

In re-screening of the amended complaint in Case No. 20-cv-01116, the Court stated the following regarding claim 4:

> Under claim 4, Plaintiff challenges a separate RVR for "possession of a deadly weapon" issued by Defendant Giacomazzi on March 5, 2016, based on procedural due process violations. [Dkt.] No. 15 at 54, 56, 58. Plaintiff claims the written notice was "defective" because it was not consistent with the charged offense and there was no evidence that Plaintiff possessed a deadly weapon because the razor blade that was found did not satisfy the statutory definition for a "deadly weapon." Id. Plaintiff claims Defendant Giacomazzi is liable as the reporting employee, and various other Defendants who were involved in reviewing, classifying, and investigating the matter, as well as those involved in Plaintiff's appeal of it. Dkt. No. 15-1 at 58-64. Plaintiff claims Defendants knew or should have known that the RVR did not meet the definition of a "deadly weapon." Id. at 64.
>
> Liberally construed, Plaintiff appears to be attempting to state a procedural due process claim under Hill, 472 U.S. at 454, based on insufficient evidence. However, the allegations are insufficient because the amended complaint does not indicate whether Plaintiff lost any good-time credits due [to] the guilty finding this RVR to warrant the protections under Hill.

2

>Accordingly, this claim shall be dismissed with leave to amend. In amending, Plaintiff is advised that he must allege sufficient facts to establish individual liability against each named Defendant. See supra at 6. Furthermore, for the reasons discussed below, this claim may be subject to severance from this action if the amendment violates Rule 18(a) or Rule 20(a).

Id., Dkt. No. 28 at 11-12. Plaintiff's filing of a second amended complaint[1] indicated that he believed this matter should be severed. Id. at 16. Plaintiff presents the following statement of facts.

### A.   Background

Plaintiff arrived at SQSP on February 10, 2014, and housed in general population in West-Block until June 14, 2014. Dkt. No. 1 at 8. Plaintiff was then moved to administrative segregation ("ad-seg") until January 9, 2015, for a Rules Violation Report ("RVR") which is not relevant to this action. Id. Plaintiff was then housed in general population in North-Block. Id. Then from February 9, 2015, to February 4, 2016, Plaintiff was moved back to West-Block. Id.

Plaintiff claims that SQSP's Investigative Services Unit ("ISU") was systematically harassing and retaliating against inmates for making inmate requests (CDCR Form 22), filing grievances (CDCR-602) and lawsuits that adversely involved staff members. Id. Plaintiff claims the harassment included cell searches, confiscation of papers, and placement in ad-seg pending transfer to another prison. Id. at 9. Plaintiff claims that staff members were also using "unknown anonymous notes" that contained threats to staff members as a "pretext" to place inmates in ad-seg and eventually transfer them to another prison. Id. Plaintiff claims that during the times he was housed in West-Block, he assisted numerous inmates in filing grievances and lawsuits. Id. He describes various inmates whom he helped file grievances which lead to retaliatory actions by staff members. Id. at 10-13.

---

[1] The complaint is 162 pages long and names 24 Defendants. Dkt. No. 1 at 2-3.

On February 4, 2016, Plaintiff claims ISU officers came to his cell and accused him of harassing staff members with Form 22s (Inmate/Parolee Request for Interview, Item or Service) and CDCR-602s (Inmate/Parolee Appeal). Id. at 13. Plaintiff was ordered out of his cell and searched. Id. Defendants Giacomazzi, C. Bass, C. Fry, and P.G. Hannah then ransacked his cell and confiscated evidence "to confirm their accusations that [Plaintiff] was harassing… staff members." Id. at 13-14. Plaintiff then describes staff members accusing him of authoring several anonymous notes containing threats to staff. Id. at 14-18. At some point, Plaintiff was rehoused in the Adjustment Center. Id. at 19. In late February 2016, Plaintiff sought access to his legal documents to prepare a petition for writ of habeas corpus in the state high court; however, most of his requests were ignored. Id. at 19. Plaintiff went on a hunger strike on February 23, 2016, until his legal documents were returned. Id. at 20. He was informed that Defendant Giacomazzi was still searching through his legal property. Id. Plaintiff learned from other inmates that they had also been accused of writing the same anonymous notes containing threats to staff. Id. at 21-22. Plaintiff describes being issued several RVRs for the notes, and that other inmates were also charged with authoring the same threatening notes. Id. at 22-23. Those RVRs are the subject of Plaintiff's claims which are proceeding under the initial action, Case No. 20-01116; the retaliatory cell search on February 4, 2016, is the subject of a separate action under Case No. 22-07014.

### B.   RVR Log #4690

The subject of this action is an RVR which was issued later in March 2016. Plaintiff claims that on March 5, 2016, Defendant Giacomazzi intentionally searched his cell while Plaintiff was in the shower. Dkt. No. 1 at 24. Plaintiff claims this cell search was not random but "special," and that under state regulations, he should have been allowed to observe the search to prevent contraband from being planted in his cell. Id. at 24. Defendant Giacomazzi came to Plaintiff's shower stall about 30-40 minutes later, holding a "'brand-new[i]sh looking' single-sided hardbacked razor blade." Id. Defendant Giacomazzi stated that he found this item in Plaintiff's ad-seg cell. Id. Plaintiff

4

immediately denied that the razor blade was his and accused Defendant of falsely claiming to have discovered it in his cell. Dkt. No. 1-1 at 1. Plaintiff claims Defendant Giacomazzi's actions were an "extension" of the original retaliatory search on February 4, 2016. Id.

Defendant Giacomazzi issued an RVR, Log #4690, which stated that he searched Plaintiff's cell with Defendant Acero, who observed the discovery of the razor-blade in the cell. Id. at 3. However, Defendant Acero later admitted that he never entered the cell nor took part in the search. Id. at 3-4. The RVR also failed to provide Plaintiff with adequate "notice" of the charge because the cited regulation does not exist and it was not made known to all inmates that razor-blades were a controlled item or a "deadly weapon." Id. at 4. Plaintiff also claims he had no notice that the possession of a razor blade was considered an "A-1 offense," subjecting him to the loss of 360 days of good time credits. Id. at 5-6.

On or about March 18, 2016, Plaintiff had an audio-taped interview with Internal Affairs officers, Lt. McGraw and Sgt. Armas. Id. at 7. Plaintiff told them that Defendant Giacomazzi had planted the razor-blade in his cell. Id. At the disciplinary hearing on April 17, 2016, Plaintiff claims he was not allowed to ask questions to Officer Acero, who had admitted to Plaintiff that he had only observed the cell being searched from the cell door. Id. at 8. Plaintiff was found guilty of the charge. Id. Plaintiff appealed, and on May 1, 2016, the guilty finding was vacated; the RVR was to be reissued/reheard to correct the due process deficiencies from the first hearing. Id. at 9.

The RVR was reissued on May 12, 2016. Id. The rehearing took place on June 23, 2016, with Defendant Lt. Bloise. Id. at 12. When Plaintiff asked to be placed in waist-chains for the hearing, he was taken outside while his witnesses, Officers M. Tousey and Defendant J. Miller, remained inside, which was in violation of prison regulations. Id. at 12-13. When Plaintiff pointed out the violation, Lt. Bloise allegedly became angry and ordered Plaintiff to step out of the room again while she discussed the problem with Officer Miller, again violating those regulations. Id. at 13. The hearing recommenced

5

despite Plaintiff's protests, with Lt. Bloise allegedly acting in a confrontational manner throughout the proceedings and denied Plaintiff the right to adequately question the witnesses without justification. Id. at 13-18. Lt. Bloise found Plaintiff guilty of the charge and imposed 360 days loss of good time credits.[2] Id. at 18. Plaintiff filed a grievance challenging the RVR, alleging numerous violations of the regulations during the disciplinary proceedings. Id. at 19. The appeals were denied at the second and third levels. Id. at 23-26. Plaintiff claims that he had a protected liberty interest and that the conditions in ad-seg were atypical and significant compared to the ordinary incidents of prison life. Dkt. No. 1-2 at 2-5. Plaintiff claims that he was subjected to an 8-month SHU term and an adverse transfer to Pelican Bay State Prison, a higher security prison. Dkt. No. 1-1 at 19.

### C. Analysis

Plaintiff asserts "one" claim under the First, Fifth, and Fourteenth Amendments based on lack of fair notice, insufficient evidence, retaliation, and denial of due process. Dkt. No. 1 at 7. Plaintiff also requests the Court exercise supplemental jurisdiction over state law claims. Id. at 7-8. Plaintiff then asserts three "causes of actions": (1) failure to provide fair notice, violating due process, id. at 7; (2) insufficient evidence to support the RVR, violating due process, id. at 18; and (3) First Amendment retaliation, id. at 28.

Plaintiff seeks declaratory and injunctive relief, including expungement of the RVR, and damages. Dkt. No. 1-4 at 40-42.

#### 1. Due Process - Insufficient Notice and Hearing

Prisoners retain their right to due process subject to the restrictions imposed by the nature of the penal system. See Wolff v. McDonnell, 418 U.S. 539, 556 (1974). Thus, although prison disciplinary proceedings are not part of a criminal prosecution and the full

---

[2] The Court found that Plaintiff may pursue an action under § 1983, challenging the RVRs that resulted in the loss of good time credits. See Case No. 20-01116 EJD (PR), Dkt. No. 14 at 3. Plaintiff is sentenced to an indeterminate sentence and his MEPD had passed, such that success on his claims would not necessarily shorten in his sentence nor call into question the lawfulness of Plaintiff's continued confinement. See Case No. 20-01116, Dkt. No. 14 at 3.

panoply of rights due a defendant in such proceedings does not apply, where serious rules violations are alleged and the sanctions to be applied implicate state statutes or regulations which narrowly restrict the power of prison officials to impose the sanctions and the sanctions are severe, the Due Process Clause requires certain minimum procedural protections. See id. at 556-57, 571-72 n.19. The placement of a California prisoner in isolation or segregation, or the assessment of good-time credits against him, as a result of disciplinary proceedings, for example, is subject to Wolff's procedural protections[3] if (1) state statutes or regulations narrowly restrict the power of prison officials to impose the deprivation, and (2) the liberty in question is one of "real substance." See Sandin v. Conner, 515 U.S. 472, 477-87 (1995).

Violation of procedural due process rights requires only procedural correction and not a reinstatement of the substantive right. See Raditch v. United States, 929 F.2d 478, 481 (9th Cir. 1991). In § 1983 cases, a plaintiff can recover compensatory damages for a proven due process violation only if the deprivation of the substantive right was unjustified on the merits. If, on the other hand, it is determined after post-deprivation procedures that the deprivation was justified, a plaintiff can recover only nominal damages for the due process violation. See id. at 481 n.5 (citing Carey v. Piphus, 435 U.S. 247, 266-67 (1978); Vanelli v. Reynolds School Dist. No. 7, 667 F.2d 773, 781 (9th Cir. 1982)). In other words, the remedy for an unfair hearing is another hearing. If plaintiff is provided with a

---

[3] Wolff established five procedural requirements. First, "written notice of the charges must be given to the disciplinary-action defendant in order to inform him of the charges and to enable him to marshal the facts and prepare a defense." 418 U.S. at 564. Second, "at least a brief period of time after the notice, no less than 24 hours, should be allowed to the inmate to prepare for the appearance before the [disciplinary committee]." Id. Third, "there must be a 'written statement by the factfinders as to the evidence relied on and reasons' for the disciplinary action." Id. (quoting Morrissey v. Brewer, 408 U.S. 471, 489 (1972)). Fourth, "the inmate facing disciplinary proceedings should be allowed to call witnesses and present documentary evidence in his defense when permitting him to do so will not be unduly hazardous to institutional safety or correctional goals." Id. at 566. Fifth, "[w]here an illiterate inmate is involved . . . or where the complexity of the issues makes it unlikely that the inmate will be able to collect and present the evidence necessary for an adequate comprehension of the case, he should be free to seek the aid of a fellow inmate, or . . . to have adequate substitute aid . . . from the staff or from a[n] . . . inmate designated by the staff." Id. at 570.

rehearing and is again found guilty, there can be no showing that the deprivation was unjustified on the merits and plaintiff is limited to nominal damages. If, on the other hand, a rehearing is held and plaintiff prevails, he may be entitled to compensatory damages.

This claim regarding notice was not raised in the preceding complaint. Nevertheless, Plaintiff's allegations are sufficient to state a due process claim based on the failure to provide adequate notice of the charges in the RVR at issue, against Defendants Giacomazzi, Dorsey, and Petrovic[4] under Wolff. Dkt. No. 1-2 at 8. The allegations are also sufficient to state a claim against Lt. Bloise, the SHO for the rehearing who found Plaintiff guilty of the RVR while denying him the opportunity to adequately question witnesses and failing to make specific findings, and Defendant P. Covello who signed off on the guilty finding. Id. at 14, 15; Dkt. No. 1-3 at 9-13; Dkt. No. 2-1 at 43. These five Defendants, along with J. Laniar, who was the SHO for the initial RVR, may be liable for at least nominal damages for the due process violations.

With respect to the other named Defendants for this claim, Plaintiff fails to state a claim against them. Defendants Holt, Miller, Mok, Stragalinos, Morgan, Ancheta, and Acero appear to have been involved in investigating and gathering information but not in the issuance of the actual RVR containing the inadequate notice. Dkt. No. 1-2 at 12-13, 17. Plaintiff makes conclusory assertions that these Defendants "failed to perform the legal act of seeing that [Plaintiff] was provided adequate 'notice,'" which is not sufficient to establish that they omitted to perform an act which they were legally required to do, causing the due process violation. See Leer v. Murphy, 844 F.2d 628, 633 (9th Cir. 1988). Furthermore, Plaintiff wants to hold Defendants Davis, Andres, and Cruzen liable for their part in a subsequent ICC Committee hearing at which some sort of unexplained discipline was imposed. Dkt. No. 1-1 at 18; Dkt. No. 1-2 at 63, 15, 18. However, whatever took place after the challenged disciplinary hearing cannot be used to establish causation for the inadequate notice in the RVR. In other words, because these Defendants were not directly

---

[4] Defendants Dorsey and Petrovic were the superior officers who classified and approved the RVR.

8

1   involved in the RVRs or the related disciplinary hearings, it cannot be said that their
2   actions or inactions <u>after the fact</u> both actually and proximately caused the due process
3   violation which Plaintiff claims.  See <u>Lemire v. Cal. Dept. of Corrections & Rehabilitation</u>,
4   726 F.3d 1062, 1085 (9th Cir. 2013).

Plaintiff also fails to state a due process claim against Defendants who were involved in the inmate appeals on the RVR, specifically Defendants Collins, Koenig, Shirley, Voong, Schlooser, and Knight.  Dkt. No. 15-18.  Plaintiff disagrees with their reasoning in denying his appeals for the RVR.  However, these Defendants are not liable for the same reason as the Defendants discussed in the previous paragraph: lack of causation.  These Defendants were also not involved in the RVRs or the related disciplinary hearings, and therefore it cannot be said that their actions or inactions both actually and proximately caused the due process violation which Plaintiff claims.  See <u>Lemire</u>, 726 F.3d at 1085.  Plaintiff's conclusory allegation that these Defendants "participated in Defendant Giacomazzi, Dorsey, and Petrovic's affirmative acts that caused the deprivation of which [Plaintiff] complains," <u>id.</u> 14-18, simply does not establish causation for the due process violations.

The complaint in this action is essentially an amended complaint to the operative complaint filed in Case No. 20-01116.  The Court does not find that justice requires Plaintiff be granted leave to amend to correct these pleading deficiencies where he had previously filed an amended complaint.  See <u>Wagh v. Metris Direct, Inc.</u>, 363 F.3d 821, 830 (9th Cir. 2003); <u>Ferdik v. Bonzelet</u>, 963 F.2d 1258, 1261 (9th Cir. 1992).  Accordingly, the claim against these other Defendants shall be dismissed for failure to state a claim.

Based on the foregoing, this due process claim shall proceed solely against Defendants Giacomazzi, Dorsey, Petrovic, Bloise, Covello, and Laniar.

### 2. **Due Process - Insufficient Evidence**

In <u>Superintendent v. Hill</u>, 472 U.S. 445, 454 (1985), the Court held that the revocation of good-time credits does not comport with the minimum requirements of

procedural due process in Wolff unless the findings of the prison disciplinary board are supported by some evidence in the record. The standard for the modicum of evidence required is met if there was some evidence from which the conclusion of the administrative tribunal could be deduced. See id. at 455. An examination of the entire record is not required nor is an independent assessment of the credibility of witnesses or weighing of the evidence. See id. The relevant question is whether there is any evidence in the record that could support the conclusion reached by the disciplinary board. See id. The Court reiterated that revocation of good-time credits is not comparable to a criminal conviction and neither the amount of evidence necessary to support such a conviction, nor any other standard greater than some evidence, applies in this context. See id. at 456.

Plaintiff's allegations are sufficient to state a claim under Hill, challenging the sufficiency of the evidence against Defendants Giacomazzi, Dorsey, Petrovic, Bloise, and Covello who were directly involved with the challenged RVR and the rehearing in which Plaintiff was found guilty.

Plaintiff wants to hold liable the other staff members involved in the RVR process for violating various state regulations. Dkt. No. 1-3 at 14-21. However, the Due Process Clause only requires that prisoners be afforded those procedures mandated by Wolff and its progeny; it does not require that prisons comply with its own, more generous procedures. See Walker v. Sumner, 14 F.3d 1415, 1419-20 (9th Cir. 1994). "[I]f state procedures rise above the floor set by the due process clause, a state could fail to follow its own procedures yet still provide sufficient process to survive constitutional scrutiny." Rogers v. Okin, 738 F.2d 1, 8 (1st Cir. 1984); accord Bostic v. Carlson, 884 F.2d 1267, 1270 (9th Cir. 1989) (prison's failure to meet its own guideline requiring hearing to be held in 8 days of charge would not alone constitute denial of due process), overruled on other grounds by Nettles v. Grounds, No. 12-16935 (9th Cir. July 26, 2016) (en banc). A prisoner's right to due process is violated "only if he [is] not provided with process sufficient to meet the Wolff standard." Walker, 14 F.3d at 1420. Accordingly, the claims based on the failure to adhere to state procedures is not sufficient to state a cognizable due

1   process claim under § 1983 and shall be dismissed.

2   Plaintiff requests the Court take supplemental jurisdiction over state law claims.
3   Dkt. No. 1 at 7-8. The Court shall do so under 28 U.S.C. § 1367(c). However, Plaintiff
4   must file a supplemental pleading identifying each Defendant who violated the specific
5   state regulations discussed in the complaint because those sections do not explain which
6   specific Defendant was responsible for the violation. See Dkt. No. 1-3 at 11, 14-21.

### 3. Retaliation

"Within the prison context, a viable claim of First Amendment retaliation entails five basic elements: (1) An assertion that a state actor took some adverse action against an inmate (2) because of (3) that prisoner's protected conduct, and that such action (4) chilled the inmate's exercise of his First Amendment rights, and (5) the action did not reasonably advance a legitimate correctional goal." Rhodes v. Robinson, 408 F.3d 559, 567-68 (9th Cir. 2005) (footnote omitted).

Plaintiff claims that he was "framed" for possession of a deadly weapon, and that such action was done in retaliation for engaging in protected conduct. Dkt. No. 1-3 at 28-29. Plaintiff claims that he has a right to written notice of the charges and that state rules require that an offense be defined with sufficient definiteness "that inmates can understand what conduct is prohibited and in a manner that does not encourage arbitrary and discriminatory enforcement." Id. at 28. Plaintiff claims that the RVR at issue did not satisfy this requirement. Id. at 29. Plaintiff also claims that under state regulations, employees are responsible for enforcing the relevant laws, regulations, and procedures, including the "specific charge" element. Id. Based on this reasoning, Plaintiff asserts that numerous "Defendants' actions or inactions constituted 'retaliatory behavior' towards Plaintiff." Id.

Plaintiff's allegations are sufficient to state a retaliation claim against Defendants Petrovic, Giacomazzi, and Dorsey based on the following: (1) Defendants took adverse action against Plaintiff when they issued a "false" RVR (2) because of (3) Plaintiff's protected conduct of filing grievances, and their actions (4) chilled his exercise of his First

1  Amendment rights, and (5) did not reasonable advance a legitimate correctional goal.  Dkt.
2  No. 1-3 at 30-41.  Plaintiff's allegations are also sufficient to state a retaliation claim
3  against Defendant Bloise based on her conduct at the hearing and the guilty finding.  Dkt.
4  No. 1-4 at 9-12.

5  With regard to the remaining Defendants, Plaintiff fails to state a retaliation claim
6  against them because he cannot establish that they took adverse action against him <u>because</u>
7  <u>of</u> Plaintiff's protected conduct, to satisfy the second element under <u>Rhodes</u>.  He asserts
8  that he named these Defendants in several CDCR-Form-22s, the first of which was filed on
9  May 13, 2016, notifying them of their responsibility to ensure that he is provided with
10 proper "notice" of the specific charge against him under state regulations.  Dkt. No. 1-3 at
11 41-43, Dkt. No. 1-4 at 1-37.  However, he filed these forms well after the initial RVR was
12 issued on March 5, 2016, and even <u>after</u> the initial RVR was vacated on May 1, 2016, and
13 reissued on March 12, 2016.  <u>See</u> Dkt. No. 2-3 at 19-44 (Ex. I-G).  Accordingly, it cannot
14 be said that any of Defendants took adverse action against Plaintiff with respect to the
15 challenged RVR <u>because of</u> protected conduct that occurred <u>after</u> the RVR had already
16 been issued.  Therefore, Plaintiff's allegations are insufficient to state a claim against these
17 Defendants.

18 As stated above, the Court does not find that justice requires Plaintiff be granted
19 leave to amend to correct these pleading deficiencies where he had previously filed an
20 amended complaint.  <u>See</u> <u>supra</u> at 10; <u>Wagh</u>, 363 F.3d at 830; <u>Ferdik</u>, 963 F.2d at 1261.
21 Accordingly, the retaliation claim against these other Defendants shall be dismissed for
22 failure to state a claim.

23 **III.   Filing Date**

24 Plaintiff filed a request for clarification regarding the status of his pending cases.
25 Dkt. No. 6.  The Court has thoroughly responded to that letter in Case No. 20-01116.  <u>See</u>
26 <u>Hash v. Giacomazzi, et al.</u>, Case No. 20-cv-01116 EJD (PR), Dkt. No. 67.  In that order,
27 the Court found that Plaintiff had shown good cause to change the filing date of this matter
28 to February 3, 2020.  <u>Id.</u> at 4-5.  Accordingly, the Clerk shall change the filing date of this

action to **February 3, 2020**.

# CONCLUSION

For the foregoing reasons, the Court orders as follows:

1. The Clerk shall change the filing date of this action from February 12, 2020, to **February 3, 2020.**

2. Plaintiff shall file a supplemental pleading **within twenty-eight (28) days from the date this order is filed,** that identifies the Defendants who are liable for the violation of his rights under state regulations discussed in the complaint. See Dkt. No. 1-3 at 11, 14-21.  The supplemental pleading **shall not exceed 10 pages**, and simply identify the Defendant, explain his role and involvement in the RVR at issue, and the specific state regulation he violated.

**If Plaintiff fails to file the supplemental pleading in the time provided, the Court will dismiss the state law claims without prejudice and dismiss all remaining Defendants.**

The Court will dismiss any remaining Defendants against whom Plaintiff has failed to state any cognizable claim after Plaintiff files the supplemental pleading.

3. This action shall proceed on the following claims: (1) due process claim based on insufficient notice and procedural defects at the hearings against Defendants Giacomazzi, Petrovic, Dorsey, Bloise, Covello, and Laniar; (2) due process claim based on insufficient evidence against Defendants Giacomazzi, Petrovic, Dorsey, Bloise, and Covello; and (3) retaliation claim against Defendants Giacomazzi, Petrovic, Dorsey, and Bloise.

4. The following defendants who worked at SQSP shall be served:

   a. **Correctional Officer M. Giacomazzi**
   b. **Lieutenant Daryl Dorsey**
   c. **Sergeant D. Petrovic**
   d. **Lieutenant M. Bloise**

      e.      **Associate Warden P. Covello**

      f.      **Lt. J. Laniar**

Service on the listed defendant(s) shall proceed under the California Department of Corrections and Rehabilitation's (CDCR) e-service program for civil rights cases from prisoners in CDCR custody. In accordance with the program, the clerk is directed to serve on CDCR via email the following documents: the operative complaint and any attachments thereto, (Dkt. No. 1), this order of service, and a CDCR Report of E-Service Waiver form. The clerk also shall serve a copy of this order on the plaintiff.

No later than 40 days after service of this order via email on CDCR, CDCR shall provide the court a completed CDCR Report of E-Service Waiver advising the court which defendant(s) listed in this order will be waiving service of process without the need for service by the United States Marshal Service (USMS) and which defendant(s) decline to waive service or could not be reached. CDCR also shall provide a copy of the CDCR Report of E-Service Waiver to the California Attorney General's Office which, within 21 days, shall file with the court a waiver of service of process for the defendant(s) who are waiving service.

Upon receipt of the CDCR Report of E-Service Waiver, the clerk shall prepare for each defendant who has not waived service according to the CDCR Report of E-Service Waiver a USM-205 Form. The clerk shall provide to the USMS the completed USM-205 forms and copies of this order, the summons and the operative complaint for service upon each defendant who has not waived service. The clerk also shall provide to the USMS a copy of the CDCR Report of E-Service Waiver.

5.      No later than **ninety-one (91) days** from the date this order is filed, Defendants shall file a motion for summary judgment or other dispositive motion with respect to the claims in the complaint found to be cognizable above.

      a.      Any motion for summary judgment shall be supported by adequate factual documentation and shall conform in all respects to Rule 56 of the Federal Rules of Civil Procedure. Defendants are advised that summary judgment cannot be granted, nor

qualified immunity found, if material facts are in dispute. If any Defendant is of the opinion that this case cannot be resolved by summary judgment, he shall so inform the Court prior to the date the summary judgment motion is due.

      b. **In the event Defendants file a motion for summary judgment, the Ninth Circuit has held that Plaintiff must be concurrently provided the appropriate warnings under Rand v. Rowland, 154 F.3d 952, 963 (9th Cir. 1998) (en banc). See Woods v. Carey, 684 F.3d 934, 940 (9th Cir. 2012).**

      6.    Plaintiff's opposition to the dispositive motion shall be filed with the Court and served on Defendants no later than **twenty-eight (28) days** from the date Defendants' motion is filed.

Plaintiff is also advised to read Rule 56 of the Federal Rules of Civil Procedure and Celotex Corp. v. Catrett, 477 U.S. 317 (1986) (holding party opposing summary judgment must come forward with evidence showing triable issues of material fact on every essential element of his claim). Plaintiff is cautioned that failure to file an opposition to Defendants' motion for summary judgment may be deemed to be a consent by Plaintiff to the granting of the motion, and granting of judgment against Plaintiff without a trial. See Ghazali v. Moran, 46 F.3d 52, 53–54 (9th Cir. 1995) (per curiam); Brydges v. Lewis, 18 F.3d 651, 653 (9th Cir. 1994).

      7.    Defendants shall file a reply brief no later than **fourteen (14) days** after Plaintiff's opposition is filed.

      8.    The motion shall be deemed submitted as of the date the reply brief is due. No hearing will be held on the motion unless the Court so orders at a later date.

      9.    All communications by the Plaintiff with the Court must be served on Defendants, or Defendants' counsel once counsel has been designated, by mailing a true copy of the document to Defendants or Defendants' counsel.

      10.    Discovery may be taken in accordance with the Federal Rules of Civil Procedure. No further court order under Federal Rule of Civil Procedure 30(a)(2) or Local Rule 16-1 is required before the parties may conduct discovery.

11. It is Plaintiff's responsibility to prosecute this case. Plaintiff must keep the court informed of any change of address and must comply with the court's orders in a timely fashion. Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).

12. Extensions of time must be filed no later than the deadline sought to be extended and must be accompanied by a showing of good cause.

**IT IS SO ORDERED.**

**Dated:** April 10, 2023

EDWARD J. DAVILA
United States District Judge